FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

APR 2 5 2019

JAMES W. McCORMACK, CLERK

By: _____
DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**JOSHUA DOSS, Individually and on**                        **PLAINTIFF**
**Behalf of All Others Similarly Situated**

vs.                              Case No. 4:19-cv-296-KGB

**CUSTOM AUTO SERVICE, INC.,**                    **DEFENDANTS**
**and KEVIN STRAYHORN**

## ORIGINAL COMPLAINT—COLLECTIVE ACTION

COMES NOW Plaintiff Joshua Doss ("Plaintiff"), individually and on behalf

of all others similarly situated (collectively referred to as a unified "Plaintiff" where

appropriate), by and through his counsel of the Sanford Law Firm, PLLC, and for

his Original Complaint—Collective Action against Custom Auto Service, Inc., and

Kevin Strayhorn (collectively referred to herein as "Defendant"), he does hereby

state and allege as follows:

This case assigned to District Judge _Baker_
and to Magistrate Judge _Kearney_

### I.

### JURISDICTION AND VENUE

1.      Plaintiff, individually and on behalf of all others similarly situated,

brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*

("FLSA"), and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et*

*seq.* ("AMWA"), for declaratory judgment, monetary damages, liquidated

damages, prejudgment interest, and costs, including reasonable attorneys' fees,

as a result of Defendant's failure to pay Plaintiff overtime compensation for all

hours that Plaintiff worked in excess of forty (40) hours per workweek.

2.      The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

3.      Plaintiff's claims under the AMWA form part of the same case or controversy and arise out of the same facts as the FLSA claims.

4.      Therefore, this Court has supplemental jurisdiction over Plaintiff's AMWA claims pursuant to 28 U.S.C. § 1367(a).

5.      Defendant conducts business within the State of Arkansas, operating a custom auto repair business in Pulaski County.

6.      Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Arkansas has personal jurisdiction over Defendant, and Defendant therefore "resides" in Arkansas.

7.      Plaintiff was employed by Defendant in the Eastern District of Arkansas; the acts alleged in this Complaint had their principal effect within the Eastern District, and venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## II.
## THE PARTIES

8.      Plaintiff repeats and re-alleges all the preceding paragraphs of this Original Complaint as if fully set forth in this section.

9.      Plaintiff Doss is a citizen of the United States and a resident and domiciliary of the State of Arkansas.

10.     Plaintiff Doss is a current employee of Defendant.

11.     At all times relevant to the allegations in this Complaint, Plaintiff Doss was a piece-rate employee at Defendant's auto repair business in Pulaski County.

12.     At all times material herein, Plaintiff has been entitled to the rights, protections and benefits provided under the FLSA and the AMWA.

13.     At all times material herein, Plaintiff has been classified by Defendant as non-exempt from the overtime requirements of the FLSA, 29 U.S.C. § 207, and the AMWA, A.C.A. § 11-4-211.

14.     Defendant is an "employer" within the meanings set forth in the FLSA and AMWA, and was, at all times relevant to the allegations in this Complaint, Plaintiff's employer.

15.     Custom Auto Service, Inc., is an Arkansas for-profit corporation which operates an auto repair business at 401 Custom Lane, Little Rock, Arkansas 72206.

16.     Kevin D. Strayhorn is the Registered Agent for Service of Process on Custom Auto Service, Inc.

17.     Kevin Strayhorn is the President of the corporation, and he has had, at all relevant times, operational control of the corporation.

18.     Mr. Strayhorn is an individual citizen of the State of Arkansas and a resident of Pulaski County.

19.     Defendant employs more than ten (10) piece-rate employees at its Pulaski County business.

20.     Defendant has employees that handle, sell or otherwise work on goods or materials that have been moved in or produced for commerce.

21.     Defendant's annual gross volume of sales is not less than $500,000.00.

## III.

## FACTUAL ALLEGATIONS

22.     Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

23.     Defendant hired Plaintiff Doss as an employee who worked as a painter and hired others as employees to perform other jobs required in the auto repair business.

24.     Plaintiff Doss remained a painter throughout his employment with Defendant and others remained in other positions required in the auto repair business.

25.     Plaintiff worked for Defendant within the past three (3) years.

26.     During the employment relationship, Defendant paid Plaintiff by piece-rate.

27.     Plaintiff often worked in excess of forty (40) hours per week.

28.     Defendant schedules Plaintiff to work more than 40 hours per week.

29.     During the time that Defendant paid Plaintiff on a piece-rate basis, Defendant did not ever pay Plaintiff one and one-half times Plaintiff's regular rate.

30.     In other words, during the time that Defendant paid Plaintiff on a piece-rate basis, Defendant paid Plaintiff no more than his regular piece-rate, even when Plaintiff worked more than forty (40) hours per week.

## IV.

## REPRESENTATIVE ACTION ALLEGATIONS

31.     Plaintiff repeats and re-alleges all the preceding paragraphs of this Original Complaint as if fully set forth in this section.

32.     Plaintiff brings his claims for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons who have been employed by Defendant as similarly situated piece-rate employees at any time within the applicable statute of limitations period, who are entitled to payment of the following types of damages:

A.     Overtime premiums for all hours worked for Defendant in excess of forty (40) hours in any week; and

B.     Liquidated damages, attorney's fees, and costs.

32.     In conformity with the requirements of FLSA Section 16(b), Plaintiff has attached hereto as Exhibit "A" a written Consent to Join this lawsuit, or he will file one within a reasonable time.

33.     The relevant time period dates back three years from the date on which Plaintiff's Original Complaint—Collective Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a), except as set forth herein below.

34.     The proposed class of opt-in plaintiffs in this case is defined as all persons who meet the following requirements:

A.     Were or are (hereinafter "were") employed by Defendant as piece-rate employees working for Custom Auto Service, Inc.; and

B.     Were paid only on a piece-rate basis at a flat rate, even when working in excess of forty (40) hours a week.

35.     The proposed FLSA class members are similarly situated in that they share at least these traits:

A.     They were classified by Defendant as non-exempt from the overtime requirements of the FLSA;

B.     They worked at the same geographic location; and

C.     They were subject to Defendant's common policy of piece-rate employees a base commission percentage, even when those employees worked in excess of forty (40) hours a week.

36.     Plaintiff is unable to state the exact number of the class but believes that the class exceeds ten (10) persons.

37.     Defendant can readily identify the members of the Section 16(b) class, which encompasses all current and former piece-rate painters at Custom Auto Service, Inc. within the relevant time period.

38.     The names and physical and mailing addresses of the FLSA collective action plaintiffs are available from Defendant, and a Court-approved Notice should be provided to the FLSA collective action plaintiffs as soon as

possible, together with other documents and information descriptive of Plaintiff's FLSA claim.

## V.

### FIRST CAUSE OF ACTION

#### (Individual Claim for Violation of the FLSA)

39.     Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

40.     Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

41.     At all relevant times, Defendant has been, and continues to be, Plaintiff's "employer" within the meaning of the FLSA, 29 U.S.C. § 203.

42.     At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

43.     29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay time and a half of regular wages for all hours worked over forty (40) hours in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

44.     Defendant classified Plaintiff as non-exempt from the overtime requirements of the FLSA.

45.     Despite the entitlement of Plaintiff to minimum wage and overtime payments under the FLSA, Defendant failed to pay Plaintiff an overtime rate of

one and one-half times his regular rate of pay for all hours worked over forty (40) in each one-week period.

46.     Defendant's failure to pay Plaintiff all overtime wages owed was willful.

47.     By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint.

## VI.

## SECOND CAUSE OF ACTION

### (Individual Claim for Violation of the AMWA)

48.     Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

49.     Plaintiff asserts this claim for damages and declaratory relief pursuant to the AMWA, Ark. Code Ann. §§ 11-4-201 *et seq*.

50.     At all relevant times, Defendant has been, and continues to be, Plaintiff's "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

51.     Arkansas Code Annotated §§ 11-4-210 and 211 require employers to pay all employees a minimum wage for all hours worked up to forty in one week and to pay one and one-half times regular wages for all hours worked over forty hours in a week, unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

52.     Defendant classified Plaintiff as non-exempt from the overtime requirements of the AMWA.

53.     Despite the entitlement of Plaintiff to overtime payments under the AMWA, Defendant failed to pay Plaintiff an overtime rate of 1.5 times his regular rate of pay for all hours worked over forty (40) in each one-week period.

54.     Defendant willfully failed to pay overtime wages to Plaintiff.

55.     By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint pursuant to Ark. Code Ann. § 11-4-218.

## VII.
## THIRD CAUSE OF ACTION

### (Collective Action Claim for Violation of the FLSA)

56.     Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

57.     Plaintiff, individually and on behalf of all others similarly situated, asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

58.     At all relevant times, Defendant has been, and continues to be, an "employer" of Plaintiff and all those similarly situated within the meaning of the FLSA, 29 U.S.C. § 203.

59.     Defendant classified Plaintiff and all others similarly situated as non-exempt from the overtime requirements of the FLSA.

60.     Despite the entitlement of Plaintiff and those similarly situated to minimum wage and overtime payments under the FLSA, Defendant failed to pay Plaintiff and those similarly situated an overtime rate of 1.5 times their regular rates of pay for all hours worked over forty (40) in each one-week period.

61.     Defendant willfully failed to pay overtime wages to Plaintiff and to others similarly situated.

62.     By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff and all those similarly situated for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint.

## VIII.
## PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Joshua Doss respectfully prays for relief as follows:

A.     That each Defendant be summoned to appear and answer this Complaint;

B.     For orders regarding certification of and notice to the proposed collective members;

C.     For an order of this Honorable Court entering judgment in Plaintiff's favor against Defendant for his actual economic damages in an amount to be determined at trial;

D.     For liquidated damages as provided for under the FLSA and the AMWA;

E.     For their attorneys' fees, costs, and pre-judgment interest; and

F.    For such other relief as this Court deems necessary and proper.

Respectfully submitted,

**JOSHUA DOSS, Individually
and on Behalf of All Others
Similarly Situated, PLAINTIFF**

SANFORD LAW FIRM, PLLC
ONE FINANCIAL CENTER
650 S. SHACKLEFORD, SUITE 411
LITTLE ROCK, ARKANSAS 72211
TELEPHONE: (501) 221-0088
FACSIMILE: (888) 787-2040

_____
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com