**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

**JOSHUA DOSS,**                                                                **PLAINTIFF**
**Individually and On Behalf of**
**ALL Others Similarly Situated**

**V.**                                    **NO. 4:19-CV-00296-KGB**

**CUSTOM AUTO SERVICE, INC.**                                    **DEFENDANTS**
**And KEVIN STRAYHORN**

BRIEF IN SUPPORT OF RESPONSE IN PARTIAL OPPOSITION TO PLAINTIFF'S
MOTION FOR CONDITIONAL CERTIFICATION, FOR DISCLOSURE OF CONTACT
INFORMATION, AND TO SEND NOTICES

   Defendants, Custom Auto Service, Inc. (Custom Auto) and Kevin Strayhorn (Strayhorn), by and through their undersigned counsel, Cross, Gunter, Witherspoon & Galchus, P.C., and for their Brief in Support of Response in Partial Opposition to Plaintiff's Motion for Conditional Certification, For Disclosure of Contact Information, and To Send Notices, states:

## I.    INTRODUCTION

   Plaintiff filed his Complaint on April 25, 2019. *See* ECF No. 1. Plaintiff asserts claims both individually and as a collective action pursuant to the Fair Labor Standards Act (FLSA) and the Arkansas Minimum Wage Act (AMWA). *Id* at ¶ 1. Specifically, Plaintiff alleges that he and other employees were not compensated for all overtime compensation they were allegedly owed *Id*. at ¶¶ 23-30. Plaintiff has now filed a Motion seeking to conditionally certify a class of all "auto repair" employees of Defendants[1] who were paid by a piece-rate who worked since April 25, 2016 (Plaintiff's Motion). *See* ECF No. 8, ¶ 3.

   Even at this first stage, Defendants deny that Plaintiff is similarly situated to all "auto

---

[1] Separate Defendant Kevin Strayhorn denies that he has ever "employed" Plaintiff or others in his individual capacity. *See* ECF No. 5.

repair" employees as defined putative collective action class.  Plaintiff has failed to provide any evidentiary support for his vague definition of the proposed class.  Specifically, there is no classification of employees as "auto repair" by any Defendant.  Further, no employees are paid by a piece-rate compensation system, so Defendants cannot definitively identify what employees are subject to the proposed class. As such, even at this early stage, Defendants oppose Plaintiff's request to conditionally certify a putative class.  Plaintiff's allegations are erroneous and certification of a class based on his claims alone will not support the purposes of the FLSA. However, based on Plaintiff's claims, Defendants do <u>not</u> oppose conditional certification of a class of painters who worked for allegedly worked for Defendants since April 25, 2016. Plaintiff's Motion must be partially denied other than to this properly-defined class to comply with the FLSA's collective action purposes.

## II.   <u>ARGUMENT</u>

Section 216(b) of the FLSA provides that an employee may bring an action on behalf of himself and on behalf of "other employees similarly situated."  29 U.S.C. § 216(b).  Neither the Act nor the regulations define what "similarly situated" means.  Although the Eighth Circuit has not spoken regarding the correct standard at the conditional certification stage, a majority of district courts utilize a two-step approach.  *Wheeler v. Baxter Healthcare Corp.*, 2011 WL 5402446, at *1 (E.D. Ark. Nov. 8, 2011) (collecting cases); *Collins v. Barney's Barn, Inc.*, 2013 WL 1668984, at *2 (E.D. Ark. April 17, 2013).

In the first stage or "notice stage," the plaintiff bears the burden of proof and must make a "modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law."  *Wheeler,* 2011 WL 5402446*,* at *1-2. After completion of discovery, the court uses a more stringent analysis to determine whether the

members of the class are actually similarly situated. *Id.*[2]  Although lenient, the burden at the initial stage is not "invisible." *Parker v. Rowland Express, Inc.,* 492 F. Supp. 2d 1159, 1164 (D. Minn. June 25, 2007).  The power to authorize notice must be exercised with discretion and only in appropriate cases. *Freeman v. Wal-Mart Stores, Inc.,* 256 F. Supp. 2d 941, 944 (W.D. Ark. April 15, 2003).  A plaintiff "may not meet this burden through unsupported assertions of additional plaintiffs and widespread FLSA violations." *Wheeler*, 2011 WL 5402446, at *2.  Mere averments in a complaint are not enough to justify certification of a class. *West v. Border Foods, Inc.*, Case No. 05-2525, 2006 WL 1892527, at *3 (D. Minn. July 10, 2006).

Further, courts have made clear that the responsibility to intervene in the management of this type of litigation begins once the case is filed. *Freeman*, 256 F. Supp. 2d at 945.  Indeed, this Court has held that it has a "responsibility to avoid the 'stirring up' of litigation through unwarranted solicitation." *Id.* (citing *Severtson v. Phillips Beverage Co*., 137 F.R.D. 264, 266-67 (D. Minn. June 27, 1991)).  "To determine whether employees are similarly situated, a district court considers several factors, including the following: (1) whether the plaintiffs hold the same job title; (2) whether they worked in the same geographic location; (3) whether the alleged violations occurred during the same time period; (4) whether the plaintiffs were subjected to the same policies and practices; and (5) the extent to which the acts constituting the alleged violations are similar." *McClendon v. Schlumburger Tech. Corp.*, 2016 WL 3911897, *2 (E.D. Ark. July 15, 2016).  As shown below, Plaintiff fails to meet even this modest burden at this stage of the litigation as to his defined class.

---

[2] The Eighth Circuit has set forth the proper standard for determining "similarly situated" at the second stage. *Bouaphakeo v. Tyson Foods, Inc.*, 765 F.3d 791, 796 (8th Cir. 2014).

1.      **Plaintiff Has Failed To Identify Sufficient Evidence That He And Other Proposed Class Members Are Similarly Situated.**

Neither Plaintiff's Motion nor his declaration state how he and the proposed class members "together were victims of a common policy or plan that violated the law." *Collins,* 2013 WL 1668984, at *2.  Plaintiff states in his Complaint that he was employed as a painter. ECF No. 1, ¶ 23.  He alleges that Defendants employed "others as employees to perform other jobs required in the auto repair business." *Id.*  However, Plaintiff also states that these "others remained in other positions" while employed by Defendants.  *Id.* at ¶ 24.  He does not identify those other job positions.

Defendants understand that putting forth contradictory evidence is best suited for the second, or decertification, stage of this analysis.  *See Hicks v. Lindsay Mngmt. Co., Inc.*, 2019 WL 542973, * 2 (E.D. Ark. Feb. 11, 2019).  However, courts in this District have denied conditional certification where a Plaintiff's own allegations and averments fail to meet even a modest factual showing that the putative class is similarly situated for purposes of issuing notices.  *See Pressler v. FTS USA, LLC*, 2010 WL 1904974, at *5 (E.D. Ark. May 12, 2010)("To the extent that Pressler claims to have served as a warehouse manager, he offers no evidence to suggest that the proposed class members who have served as warehouse supervisors are similarly situated to him. As a result, Pressler is not entitled to conditional certification on his FLSA claim.").

Plaintiff's putative class definition makes no attempt to establish that he and other employees are similarly situated; rather, he defines himself as similarly situated to other "auto repair employees" who were paid on a piece-rate system.  *See* ECF No. 8-7, ¶¶ 6-7.  In reality, Custom Auto employs other employees who work in "auto repair" that are classified differently for FLSA purposes, including salaried exempt, commissioned-exempt, and hourly non-exempt.

4

*See* Exhibit 1, Declaration of Monty Fulmer, ¶ __.  Furthermore, these job positions vary by duties, including painting, prepping, estimating, body shop repairs, detailing, and others.  *Id*. Notably, none of the putative class are paid on a piece-rate basis.  *Id*. at ___.

While the merits of Plaintiff's allegations need not be factually refuted at this time, this analysis is relevant to the fact that Defendants cannot apprise what employees (current or former) fall into the definition proffered by Plaintiff.  Plaintiff must do more than simply allege that she and other employees allegedly worked without overtime premiums, which is specifically permitted by the FLSA pursuant to various exemptions.  *See Layton v. Percepta,* LLC, 2018 WL 3758309, *2 (M.D. Fla. July 20, 2018) ("Plaintiff's vague and conclusory allegations . . . are insufficient to satisfy Plaintiff's burden. For instance, Plaintiff's declaration does not contain any detailed allegations regarding Plaintiff's job duties or the common policy, plan, or scheme that allegedly forms the basis of the alleged FLSA violations.") (citing *Whineglass v. Smith, O.D.*, 2012 WL 6163067, *4 (M.D. Fla. Nov. 14, 2012); *see also Aguirre v. SBC Comm., Inc*., 2006 WL 964554, at *6 (S.D. Tex. Apr. 11, 2006) (holding that unsupported allegations are inadequate even for first-stage).  If granted as currently defined, Plaintiff's putative class will include zero individuals, including Plaintiff.

Defendants recognize that the nuances of "piece-rate" pay versus commissions is somewhat technical, yet it is highly relevant for purposes of this Motion and Defendants' obligations.  Even without the "piece-rate" qualifier, the proposed definition of "auto repair employees" is so broad as applied to Custom Auto that it would include employees who were paid salaried, commissioned, and hourly, which is not appropriate.  Indeed, this Court has noted that allowing evaluating whether employees are similarly-situated based on the plaintiff's description of job duties "would inevitably include workers who were not similarly situated to

the plaintiff." *Buford v. Sup. Energy Serv., LLC*, 2018 WL 6441097 (E.D. Ark. June 1, 2018).

In light of the foregoing standards, Defendants do <u>not</u> oppose Plaintiff's motion to the extent it seeks to conditionally certify a class of employees who worked as commissioned painters/preppers since April 25, 2016. However, Defendants oppose the ambiguous definition proposed by Plaintiff beyond that because it will include employees who are not similarly situated to Plaintiff and result in unnecessary costs, expenses not contemplated by Section 216 of the FLSA.

### 2.     **Plaintiff's Request for Email and Cell Phone Numbers Is Unnecessary, Redundant, and Unduly Burdensome.**

As stated, Defendants do not oppose the issuance of the proposed Notice and Consent forms to the modified class definition as set forth in the preceding section of this Resposne. If Plaintiff's Motion is granted, in whole or part, then Defendants do not object to the issuance of notices by regular mail, reminder postcard, and/or telephone. While Custom Auto does maintain phone numbers for contact information of its employees, it does not know whether the phone numbers they possess are "land line" or cellular phone lines. Defendants will provide the numbers Custom Auto has on file. However, Defendant opposes Plaintiff's remaining requests relating to distribution of the collective action notice documents. Specifically, distribution by email is unnecessary and redundant.

Defendant does not oppose the distribution of the Notice and Consent forms via U.S. Mail, a reminder postcard, and a physical posting of the Notice at its facilities where other employment notices are posted. Plaintiff makes no mention of any work-related communication with Defendants via email communication. *See* ECF No. 8-7 (Doss Declaration). Defendants do not require employees to disclose an email address for purposes of making workplace communications. Further, redundant transmissions of the same Court-approved Notice could be

interpreted as an endorsement of the lawsuit, which is inappropriate.  *See Cruthis v. Vision's*, No. 4:12CV244 KGB, 2013 WL 4028523, at *8 (E.D. Ark. Aug. 7, 2013); *Teramura*, 2013 WL 12171862 at *4; *Knispel v. Chrysler Grp. LLC*, No. 11 11886, 2012 WL 553722, at *8 (E.D. Mich. Feb. 21, 2012); *Temura v. Walgreen, Co.*, 2013 WL 12171862, *4 (W.D. Ark. March 7, 2013) ("The Court sees no reason why distribution of the Notice by first-class mail would be insufficient. Therefore, it will deny plaintiffs' request to communicate with potential plaintiffs by telephone, email, or website."). This burdensome request will only add additional time and expense to the issuing of any notices, even though two mailings will be sent to the potential class members, and is unnecessary.

Further, posting a notice at Defendants work location is not necessary.  Each current employee of Custom Auto will receive two mailing notices to their personal address on file with Custom Auto.  The redundant posting brings the same unnecessary risks as stated above.

Also, Defendants should be afforded fourteen (14) days to distribute the putative class contact information after receipt of this Court's forthcoming order on Plaintiff's Motion.

Finally, the opt-in period, if granted, should be limited to 60 days, which is ample time to distribute the notices, reminder postcards after 30 days, and electronic delivery (if approved).

### III.   <u>CONCLUSION</u>

In light of the foregoing, Defendant respectfully requests that the Court partially deny Plaintiff's Motion, amend the collective class definition as set forth herein, and for such other and further relief as the Court may deem just and proper.

Respectfully submitted,

Gregory J. Northen (#20111891)
CROSS, GUNTER, WITHERSPOON
   & GALCHUS, P.C.
500 President Clinton Avenue, Suite 200
Little Rock, Arkansas 72201
Phone:  501-371-9999 / Fax:  501-371-0035
E-mail:  gnorthen@cgwg.com

**ATTORNEYS FOR DEFENDANTS**

245635