IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

JOSHUA DOSS, individually and on                                    PLAINTIFF
behalf of all others similarly situated

v.                                   Case No. 4:19-cv-00296-KGB

CUSTOM AUTO SERVICE
INC. and KEVIN STRAYHORN                                            DEFENDANTS

## ORDER

    Plaintiff Joshua Doss brings this action against defendants Custom Auto Service, Inc. ("Custom Auto"), and Kevin Strayhorn (Dkt. No. 1).  Mr. Doss alleges that defendants failed to pay him and other similarly situated employees lawful overtime compensation for hours worked in excess of 40 hours per week in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), *et seq.*, and the Arkansas Minimum Wage Act ("AMWA"), Arkansas Code Annotated § 11-4-201, *et seq.* (*Id.*, ¶ 1).  Before the Court is Mr. Doss's motion for conditional certification, for disclosure of contact information, and to send notices (Dkt. No. 8).  Defendants responded in opposition to the motion (Dkt. No. 10), and Mr. Doss replied (Dkt. No. 12).  For the following reasons, the Court grants, in part, and denies, in part, Mr. Doss's motion for conditional certification, for disclosure of contact information, and to send notices (Dkt. No. 8).

### I.    Factual Background

    In his sworn declaration, Mr. Doss avers that he has worked as an auto repair employee—specifically, a painter—for defendants[1] since around late August or early September 2015 (Dkt. No. 8-7, ¶¶ 3-4).  Mr. Doss states that defendants own and operate an auto repair service shop,

---

[1]  The Court notes that separate defendant Mr. Strayhorn denies that he has ever employed Mr. Doss or others in his individual capacity (Dkt. Nos. 5, ¶ 10; 10, ¶ 2; 11, at 1 n.1).

offering a range of services including auto body repair, paintless dent repair, auto body refinishing, and auto glass repair and replacement (*Id.*, ¶ 5). Defendants employ a variety of auto repair employees to perform these services (*Id.*). Mr. Doss states that all of defendants' auto repair employees are paid "by the piece"—meaning paid for productivity rather than an hourly wage—and are subject to defendants' uniform employment policies and practices, including pay structure (*Id.*, ¶¶ 6-7).

Mr. Doss claims that he and the other employees were frequently required to work in excess of 40 hours per week (*Id.*, ¶ 8). Mr. Doss claims that defendants were aware that he and the other employees were frequently working over 40 hours per week and required them to do so (*Id.*, ¶ 9). Mr. Doss avers that defendants did not pay him an overtime premium for the hours he worked over 40 in a workweek; instead, he received the same flat piece-rate that he received for his regular working hours (*Id.*, ¶ 10). Mr. Doss states that this arrangement was defendants' common policy applicable to all auto repair employees (*Id.*). Mr. Doss asserts that other auto repair employees were paid in the same manner that he was and worked similar hours to him, and Mr. Doss knows this because he worked alongside other auto repair employees, witnessed them working similar hours, and spoke with employees who complained about the hours they worked and how they got paid (*Id.*, ¶ 11). Mr. Doss estimates that there are at least 10 individuals who worked as piece-rate employees for defendants since April 25, 2016, and Mr. Doss believes that there would be other individuals who would want to joint this lawsuit if notice were sent to them and they were made aware of their right to claim lawful wages (*Id.*, ¶¶ 12-13).

In response, defendants provide a sworn declaration from Monty Fulmer (Dkt. No. 10-1). Mr. Fulmer is currently employed by defendants as a manager, and Mr. Fulmer is familiar with the jobs performed by employees of Custom Auto (*Id.*, ¶ 2). Mr. Fulmer states that Custom Auto

does not have any employees with the job position titled "auto repair employee," and that all of Custom Auto's employees could be consider "auto repair employees," including Mr. Fulmer himself (*Id.*, ¶ 3).  Mr. Fulmer states that Custom Auto does not pay any employees by a piece-rate compensation system (*Id.*, ¶ 4).  Instead, Mr. Fulmer asserts that some employees are salaried, other employees are paid commissions, and other employees are non-exempt and receive overtime pay for all hours worked in excess of 40 hours per workweek (*Id.*).  Mr. Fulmer states that Custom Auto bases compensation upon job duties performed by employees (*Id.*).

Mr. Fulmer avers that job positions, titles, and duties vary at Custom Auto (*Id.*, ¶ 5).  These varying job duties involve estimating auto repair work and costs, administration, painting, prepping, body repair, detailing, and more (*Id.*).  Mr. Fulmer states that Mr. Doss is currently employed as a Painter/Prepper in the Paint shop and that there are other employees in the Paint shop at Custom Auto (*Id.*, ¶ 6).  Mr. Fulmer claims that Mr. Doss's duties are different than the duties of other job positions at Custom Auto, and the Paint shop's employees work in different teams than Body shop employees at Custom Auto (*Id.*).  Mr. Fulmer states that these differences in work affect working hours, as well (*Id.*).

## II.    Analysis

In the instant motion, Mr. Doss seeks conditional certification for the following collective: "[a]ll current and former auto repair employees who worked for Defendants and were paid a piece-rate since April 25, 2016" (Dkt. No. 8, ¶ 3).  In their response to Mr. Doss's motion, defendants deny the existence of a purported collective, deny that such a class should be conditionally certified, and deny that the proposed class members are sufficiently similarly situated for even conditional certification pursuant to the FLSA (Dkt. No. 10, ¶¶ 3, 5-6).  Defendants deny that Mr. Doss is similarly situated to all "auto repair" employees as defined in the putative collective action

3

class and contend that he has failed to provide any evidentiary support for his vague definition of the proposed class (Dkt. No. 11, at 1-2). However, defendants "do not oppose conditional certification of all former and current commissioned painters/preppers who worked for Custom Auto at any time since April 26, 2016" (Dkt. No. 10, ¶ 6). In his reply, Mr. Doss agrees with defendants that the class definition as it stands in his motion is too broad and respectfully amends the proposed class to the following: "[a]ll current and former painter/preppers who worked for Defendants and were paid a piece-rate since April 25, 2016" (Dkt. No. 12, at 1).

### A.   FLSA Conditional Certification

Under the FLSA:

> An action to recover the liability prescribed . . . may be maintained against any employer . . . in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

29 U.S.C. § 216(b).

Many district courts in the Eighth Circuit utilize a two-step approach in collective action cases. At the notice stage, the Court must determine, based on the pleadings and affidavits, whether notice should be given to potential class members. The key issue is whether the members of the proposed class are similarly situated. If the Court allows notification, then a representative class is conditionally certified, and Mr. Doss will send notice to the putative opt-in plaintiffs. At the second stage, the Court determines whether to decertify the class once discovery is largely complete. *Smith v. Frac Tech Services, Ltd.*, No. 4:09-cv-679, 2009 WL 4251017, at *2 (E.D. Ark. Nov. 24, 2009) (citation omitted). This Court has previously adopted this approach. *See McChesney v. Holtger Bros., Inc.*, No. 4:17-cv-824, 2019 WL 118408, at *2 (E.D. Ark. Jan. 7, 2019); *Cruthis v. Vision's*, No. 4:12-cv-244, 2013 WL 4028523, at *1-2 (E.D. Ark. Aug. 7, 2013);

*Watson v. Surf-Frac Wellhead Equip. Co.*, No. 4:11-cv-843, 2012 WL 5185869, at *1 (E.D. Ark. Oct. 18, 2012).

"'To establish that conditional certification is appropriate, the plaintiff[] must provide some factual basis from which the court can determine if similarly situated potential plaintiffs exist.'" *Tegtmeier v. PJ Iowa, L.C.*, 208 F. Supp. 3d 1012, 1018 (S.D. Iowa 2016) (alteration in original) (quoting *Robinson v. Tyson Foods, Inc.*, 254 F.R.D. 97, 99 (S.D. Iowa 2008)).  Mr. Doss's factual burden at this stage is not onerous.  *Littlefield v. Dealer Warranty Servs., LLC*, 679 F. Supp. 2d 1014, 1017 (E.D. Mo. 2010).  Mr. Doss's burden at the notice stage is lenient and may be met by making a "modest factual showing," typically by the submission of affidavits, that he and the putative class were victims of a common decision, policy, or plan of the employer that affected all class members in a similar fashion.  *Resendiz-Ramirez v. P & H Forestry, LLC*, 515 F. Supp. 2d 937, 941 (W.D. Ark. 2007) (citing *Thiessen v. General Electric Capital Corp.*, 267 F.3d 1095, 1106-08 (10th Cir. 2001)).  However, while this is a "lenient standard, . . . 'more than mere allegations' are required." *Tegtmeier*, 208 F. Supp. 3d at 1018 (quoting *Robinson*, 254 F.R.D. at 99).

"Typically, district courts will make the determination of whether to conditionally certify a class based solely on the affidavits presented by the plaintiffs."  *Huang v. Gateway Hotel Holdings*, 248 F.R.D. 225, 227 (E.D. Mo. 2008) (citation omitted).  The Court can consider a variety of non-exclusive factors in determining whether employees are similarly situated.  Such factors include:  (1) whether the employees held the same job title; (2) whether they worked in the same geographic location; (3) whether the alleged violations occurred during the same time period; (4) whether the employees were subjected to the same policies and practices and, if so, whether the policies and practices were established in the same manner and by the same decision maker;

and (5) the extent to which the acts constituting the alleged violations are similar. *Stone v. First Union Corp.*, 203 F.R.D. 532, 542-43 (S.D. Fla. 2001) (citing *Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1217 (11th Cir. 2001); *Grayson v. K Mart Corp.*, 79 F.3d 1086, 1090, 1097-99 (11th Cir. 1996)).  "The Court does not need to determine whether class members are *actually* similarly situated until the 'merits stage' of the litigation, when defendants typically move to decertify the class." *Tinsley v. Covenant Care Servs., LLC*, No. 1:14-cv-00026-ACL, 2015 WL 1433988, at *1 (E.D. Mo. Mar. 27, 2015) (emphasis in original) (citing *Littlefield*, 679 F. Supp. 2d at 1016-17).

Mr. Doss asserts that the pleadings and attached exhibits contain an abundance of information supporting his claim that there are many other similarly situated individuals (Dkt. No. 9, at 7).  In short, Mr. Doss maintains that he and other similarly situated employees were not properly compensated for all hours worked in excess of 40 per week, resulting in these employees' underpayment (*Id.*, at 8).  Mr. Doss argues that defendants' uniform practice of not providing proper compensatory time off to its employees underlies his allegations and that this common practice was imposed on all of defendants' employees (*Id.*).  Defendants contest the initial broadness of Mr. Doss's purported class, but defendants and Mr. Doss agree that the proposed class should be limited to painters and preppers who worked for defendants during the relevant timeframe (Dkt. Nos. 10, ¶ 6; 12, at 1).

Based on the limited record before it, the Court determines that Mr. Doss's declaration, the allegations in his complaint, and defendants' concession suffice to show that the members of the proposed collective were alleged victims of a purported common policy.  The Court finds that Mr. Doss has carried his lenient burden of establishing at this stage of the litigation that he is similarly situated to all current and former painter/preppers who worked for defendants and were paid a

6

piece-rate since April 25, 2016.  Therefore, the Court conditionally certifies this action under the FLSA and the AMWA for purposes of giving notice.

### B.   Notice And Disclosure Of Contact Information

Mr. Doss requests that this Court permit him to provide notice to potential opt-in plaintiffs *via* email as well as traditional U.S. mail and that this Court permit him to distribute a reminder postcard *via* traditional U.S. mail (Dkt. No. 8, ¶ 7).  Mr. Doss has submitted a proposed notice, proposed consent to join, proposed electronic transmissions, proposed electronic consent to join, and proposed postcard (Dkt. Nos. 8-1; 8-2; 8-3; 8-4; 8-5).  Mr. Doss requests a period of 90 days to distribute the notice and file consent to join forms with this Court (Dkt. No. 8, ¶ 9).  Mr. Doss also asks this Court to enter an order directing defendants to provide the names, last known telephone numbers, mailing addresses, and email addresses no later than one week after the date of the entry of this Order (*Id.*).  Further, Mr. Doss asks that defendants be required to post the notice in a conspicuous location in the same areas in which it posts government-required notices to guarantee notice to defendants' current employees (*Id.*, ¶ 10).  In response, defendants object to Mr. Doss's request to send electronic communications to putative plaintiffs' personal email accounts and oppose Mr. Doss's request that a notice should be posted in Custom Auto's workplace (Dkt. No. 10, ¶¶ 7-8).

The Court grants in part and denies in part Mr. Doss's motion as it pertains to notice to potential opt-in plaintiffs (Dkt. No. 8, ¶¶ 7-10).  The Court grants Mr. Doss's motion to the extent that he seeks to provide potential opt-in plaintiffs with notice *via* U.S. mail and email. Accordingly, Mr. Doss may send one written notice and consent form to the potential opt-in plaintiffs *via* email and one written notice and consent form *via* U.S. Mail.  Mr. Doss's proposed written notice and consent forms are acceptable (Dkt. Nos. 8-1; 8-2).  The proposed electronic

notice and electronic consent forms are also acceptable to the Court (Dkt. Nos. 8-3; 8-4).  The Court grants Mr. Doss's request to distribute a reminder postcard *via* traditional U.S. mail.  The Court also denies without prejudice Mr. Doss's request to require defendants to post the notice in their facilities.

The Court grants Mr. Doss's motion as it pertains to disclosure of contact information (Dkt. No. 8, ¶ 9).  To facilitate notice, the Court orders defendants to provide Mr. Doss's counsel the names, last known telephone numbers, last known mailing addresses, and all known email addresses, including personal and company-sponsored, for all current and former painter/preppers who worked for defendants and were paid a piece-rate since April 25, 2016, within 21 days of the date of this Order.  The Court also directs defendants to provide such information to Mr. Doss's counsel *via* Microsoft Word or Excel formatting.  After receiving such information, Mr. Doss shall then have 90 days to distribute notice and file opt-in consent forms with the Court.

### III.   Conclusion

For the reasons discussed above, the Court grants in part and denies in part Mr. Doss's motion for conditional certification, for disclosure of contact information, and to send notices (Dkt. No. 8).  The Court conditionally certifies the following class:

> All current and former painter/preppers who worked for defendants and were paid a piece-rate since April 25, 2016.

To facilitate notice, defendants are ordered to provide to Mr. Doss's counsel the names, last known telephone numbers, last known mailing addresses, and all known email addresses, including personal and company-sponsored, for all current and former painter/preppers who worked for defendants and were paid a piece-rate since April 25, 2016, within 21 days of the date of this Order.  Mr. Doss shall have 90 days from the date defendants provide this information to distribute notice

to the potential opt-in plaintiffs and file copies of the consent forms with the Court.  Mr. Doss may provide notice to the class of individuals consistent with the terms of this Order.

It is so ordered this 28th day of September, 2020.

_____
Kristine G. Baker
United States District Judge