IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

| | |
|---|---|
| **JOSHUA DOSS, Individually and on Behalf of All Others Similarly Situated** | **PLAINTIFF** |
| vs. | No. 4:19-CV-296-KGB |
| **CUSTOM AUTO SERVICE, INC., and KEVIN STRAYHORN** | **DEFENDANTS** |

### JOINT MOTION FOR APPROVAL OF LIABILITY SETTLEMENT AND PARTIAL DISMISSAL

COME NOW Plaintiff Joshua Doss ("Plaintiff") and Defendants Custom Auto Service, Inc. and Kevin Strayhorn, individually ("Defendants")(together with Plaintiff, the "Parties"), by and through their undersigned counsel, and submit this Joint Motion for Approval of Liability Settlement And Partial Dismissal, and state:

### I. INTRODUCTION

This is an action brought pursuant to the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, et seq., and Arkansas Minimum Wage Act (AMWA) for unpaid overtime wages. *See* ECF No. 1. Plaintiff brought the lawsuit on behalf of himself and other current and former hourly employees of Defendant. Plaintiff alleged that Defendants failed to properly pay for overtime hours worked and that Plaintiff's reported working hours did not include some hours of unpaid work in some weeks. As such, Plaintiff contends that he and others did not receive proper overtime compensation for all hours worked over 40 in some workweeks. A collective class was conditionally certified but no others opted into the lawsuit.

Defendants disputed Plaintiff's allegations, asserting that he and others were properly paid for their hours worked. Defendants filed a Motion for Summary Judgment as to these issues, yet

the Court found a question of material fact as to Plaintiff's work time.  The Parties attended a settlement conference conducted with Magistrate Judge Kearney and reached an agreement as to all claims asserted by Plaintiffs for alleged unpaid back wages.  A resolution of all claims by Plaintiff was reached at the settlement conference.  The Parties believe their proposed settlement agreement represents a fair and reasonable resolution of their legal and factual disputes.  A copy of the Parties' Settlement Agreement is attached hereto as <u>Exhibit 1</u>.

Notably, no negotiations regarding the Plaintiffs' attorneys' fees and costs have taken place or will take place unless and until this Motion has been granted by the Court. The Parties respectfully request that the Court review the proposed Settlement Agreement, approve it, and dismiss Plaintiffs' claims in full other than for attorneys' fees and costs as set forth herein.

## II.    ARGUMENT

Because the FLSA confers non-waivable rights on employees, courts typically review settlements of wage claims to ensure that the litigation involves a bona fide dispute and that the proposed settlement is fair and equitable. *Lynn's Food Stores, Inc. v. United States*, 769 F. 3d 1350, 1353 n. 8 (11th Cir. 1982). Court review "ensures that the parties are not negotiating around the FLSA's requirements, and that the settlement represents a fair and reasonable resolution of a bona fide dispute." *Cruthis v. Vision's*, No. 4:12-cv-00244-KGB, 2014 U.S. Dist. LEXIS 117901, at *2 (E.D. Ark. Aug. 19, 2014).

The Eighth Circuit has cast doubt on whether settlements of wage claims even require court review. In *Melgar v. OK Foods*, the court acknowledged "an apparent circuit split as to whether private settlements relating to FLSA claims require district court review," and declined to decide the question. No. 17-2612, 2018 U.S. App. LEXIS 24501, at *8 (8th Cir. Aug. 29, 2018); *see also Barbee v. Big River Steel, LLC*, 927 F.3d 1024, 1026 (8th Cir. 2019). In any case, the *Melgar* court

reiterated its "tradition of encouraging settlement between private parties." Id. at *6. Nonetheless, to ensure that their settlement agreement is enforceable, concurrently with the filing of their Motion the Parties are submitting the settlement agreement to the Court for in camera review.

The Parties' settlement agreement is a product of a formal settlement conference presided over by United State Magistrate Judge Kearney. Before the settlement conference, the Parties exchanged formal and informal discovery regarding Plaintiffs' timekeeping and payroll records. During the settlement conference, the parties negotiated, with the aid of Judge Kearney, the bona fide disputed wages owed but ultimately agreed upon a mutually acceptable settlement amount as set forth below.  Both Parties were represented throughout this litigation by counsel experienced in litigating wage disputes. No discussion of attorney fees has been had to date.

### A. The Settlement Agreement Resolves Bona Fide Factual and Legal Disputes.

The Parties' settlement resolves a bona fide dispute because uncertainty exists in this case with respect to the facts and the legal standards at issue. Plaintiff claims that Defendants, as his alleged employer, misclassified him as exempt pursuant to the FLSA and did not fully record all of his compensable working hours through the company's timekeeping system.  As a result, Plaintiff alleges that he was not paid for his overtime premiums allegedly owed. Defendants deny these allegations, asserting that Plaintiff has received his proper wages based on timesheets that Plaintiff himself completed and turned into Defendant Custom Auto for pay purposes. It is clear from the litigation that a bona fide dispute exists.

Another point of contention is whether Defendant is liable for liquidated damages. In addition to their unpaid wages, FLSA plaintiffs are generally entitled to an equal amount as liquidated damages. 29 U.S.C. §216(b). However, the employer can avoid liquidated damages by showing that it acted in good faith and with reasonable grounds for believing that it was not in

violation of the FLSA. *Jarrett v. ERC Props.*, 211 F.3d 1078, 1083 (8th Cir. 2000). Due to legal disputes on the issue of whether Defendants misclassified Plaintiff under the FLSA, and whether Plaintiff actually worked any unrecorded time on his timecards, the Parties had widely divergent views as to Defendants' liability for liquidated damages.

Finally, Defendant Kevin Strayhorn denies that he employed Plaintiff in his individual capacity. Therefore, it is clear that a bona fide disputes exist due to the ongoing litigation evident in this case, and the factual and legal disputes at issue.

### B.    The Terms of the Settlement Agreement are Fair and Reasonable.

Under the terms of the settlement agreement, Plaintiff is receiving an amount which compensates him for an assumed approximate 2.5 hours of unpaid overtime premium per week. This amount is reasonable due to Defendants' position that they kept a proper policy of timekeeping and, pursuant to that policy, Plaintiff submitted his own completed timesheets. According to Defendants' view of the case, Plaintiff is entitled to nothing. In return, Plaintiff is releasing any and all claims against Defendants related only to wages and/or failure to pay minimum or overtime wages.

The attorneys' fees and costs to be paid to Plaintiffs' Counsel are not yet agreed and will be negotiated entirely separate from the amount to be paid to Plaintiff. Accordingly, Plaintiff's receipt of attorneys' fees and costs will in no way detract from or lessen the amount to be paid pursuant to the Settlement Agreement. The Parties agree that, if no agreement is reached regarding attorneys' fees and costs, Plaintiff will file a petition for fees and costs within 21 days of the entry of an Order approving the attached agreement. Under these circumstances, the settlement is fair, reasonable, and adequate.

### III.    CONCLUSION

The Parties reached their settlement agreement after a thorough review of each Plaintiff's time and pay records, discovery, and a mediated settlement conference with the aid of Judge Kearney. Because the settlement agreement is a reasonable compromise of bona fide disputes over numerous contested issues, the Parties respectfully request that this Court approve the settlement agreement.

WHEREFORE, the parties jointly request that the Court grant this Motion and for all other relief to which they may be entitled.

Respectfully submitted,

/s/   Colby Qualls
Josh Sanford, AR Bar No. 2001037
Colby Qualls, AR Bar No. 2019246
SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Parkway, Suite 510
Little Rock, AR  72211
Email:  josh@sanfordlawfirm.com
Email: colby@sanfordlawfirm.com
**ATTORNEYS FOR PLAINTIFFS**

And
Gregory J. Northen, AR Bar No. 2011181
CROSS, GUNTER, WITHERSPOON
 & GALCHUS, P.C.
500 President Clinton Avenue, Suite 200
Little Rock, Arkansas 72201
(501) 371-9999
Fax: (501) 371-0035
Email: gnorthen@cgwg.com
**ATTORNEYS FOR DEFENDANTS**